Totten, J.,
delivered the opinion of the court.
This action is on the official bond of L. E. Temple, late a constable of Davidson county, against Snell & McGavock, his sureties, for negligence of the said constable in the performance of his office. The case is this. In July, 1850, an original attachment in favor of Wesley Greenfield vs. John E. Jones, for one hundred and seventy-five dollars, came to the hands of Temple, as constable, to be executed. He returned the attachment as levied on a lot of furniture; and the plaintiff avers, that when he obtained his judgment and order of sale thereon, the said constable had been so careless and negligent in keeping the possession of the said property attached, that it was not to be found; and by reason thereof, he had lost his debt.
*345 There is proof upon, tbe question of diligence, as to tbe possession of tbe property, and tbe manner in wbicb it was kept by tbe officer, wbicb need not be particularly stated. It appears, however, that the property was not removed, but left in charge of tbe officer’s agent, in tbe ware-liouse, where it was found, and wbicb bad been used and occupied by tbe debtor. ' It does not appear what went with tbe property. TIis honor, tbe judge, instructed tbe jury, that “if they should find that tbe goods were lost, and that Temple bad used only ordinary diligence to keep them safely, tbe defendants would be liable for their value.” Tbe verdict and judgment were for tbe "plaintiff, and defendants have appealed in error to this court.
Tbe question arises upon tbe correctness of tbe óharge. Tbe degree of care and diligence, wbicb an officer shall employ in tbe preservation of property, attached or seized in execution, seems not to be very distinctly defined in tbe reported cases at common law. Certainly it is tbe duty of an officer, upon tbe levy of an execution or attachment, to take possession of the property; and if a bond be not given, as allowed by statute, to retain and keep possession and dominion over it, so that it be subject to answer tbe writ. He may, also employ bis deputy or other agent, to aid in securing and preserving tbe property, thus taken into bis possession, being himself responsible for tbe proper diligence of bis agent. He cannot leave the property in tbe possession of tbe debtor, where no bond is given, without tbe imputation of culpable negligence. It is said, indeed, that be should remove it, and this seems to be generally true; (Watson on Sheriffs, 188;) but in some cases, it might be impossible, or injurious, and it must depend *346 upon the facts in the special case. He must, however, retain his possession and dominion over it in person, or by his agents, whether he remove it or not; for the property is considered as in custodia legis, as it cannot be so if it be not in the custody of its officer. •
We may further observe in reference to the diligence which an officer is bound to employ, that in Fly vs. Finch, Cro. Jac., 514; Mildway vs. Smith, 2 Saund. R., 344; and Clark vs. Withers, 2 L. Raym., 1075, it is held as settled law, that it is no excuse for the sheriff, that goods taken in execution, are rescued by force, from his possession. The reason is, that he may summon the power of the comity, to prevent the rescue, and to recover the possession; and his omisson to do so is to be considered a gross neglect of official duty.
Tin's has ever been the rule of the common law, founded on necessity and policy. In 1 Mason R., 100, Mr. Justice Story says: “ In respeet to property,- in the custody of officers of the court, pending process, they are undoubtedly responsible for good faith and reasonable diligence. If the property be lost or injured, by a negligent or dishonest execution of their trust, they are liable in damages; but, they are not, of course, liable, because an embezzlement or theft is proved.” And in his work on bailments, he further says: “The degree of diligence which officers of the court are bound to exert in the custody of the property, seems to be such ordinary diligence as belongs to a prudent and honest discharge of their duties, and such as is required of all persons who receive compensation for their services.” Story -on Bailments, § 62. So, in Trigg vs. McDonald, 2 Humph. R., 386: a sheriff must exercise “reasonable diligence to execute the writ.” And in Harewell vs. Worsham, Ib., *347 528, it is said, be shall use active diligence in the execution of process; and if defendant have property, be must levy tbe execution on, or, show some reasonable excuse, why he did not.” All which seems to imply, that he shall exercise such ordinary diligence as belongs to a prudent and honest discharge of his duty.
This, we think the true rule. And it is in accordance with the analogies of the law in other' cases. Certainly the officer is not bound to anwer the safety and pres-' ervation of the property, as in case of a common carrier. Nor, are we aware of any principle upon which a higher degree of diligence may be demanded .of him, than that before stated.
Now, what shall amount to the degree of care and diligence required, must depend very much upon the facts of each case, having regard to the legal principle defining its proper degree. Testing the charge by the rule here stated, it will be seen that it is erroneous.
The judgment will be reversed, and the cause remanded for a new trial.
Judgment reversed